RE: EMPLOYEE BENEFITS FOR STATE HOSPITAL EMPLOYEES
THIS LETTER IS SENT IN CONFIRMATION OF THE ORAL CONVERSATIONS WITH NEAL LEADER OF THIS OFFICE REGARDING YOUR REQUEST FOR ADVICE CONCERNING WHETHER IT WOULD BE POSSIBLE FOR THE STATE OPERATED HOSPITALS TO OFFER MEALS AT A DISCOUNT OR AT NO CHARGE TO THEIR EMPLOYEES. AS MR. LEADER INDICATED TO YOU INFORMALLY, THE REQUISITES OF ARTICLE X, SECTION 15 AND ARTICLE V, SECTION 53 REALLY DO NOT RESOLVE THE QUESTION. THE BROAD STATEMENTS OF THE OKLAHOMA SUPREME COURT ENUNCIATED IN CARTER V. THOMAS, 46 P.2D 460 (OKLA. 1935) AND IN VETERANS OF FOREIGN WARS V. CHILDERS, 171 P.2D 618 (OKLA. 1946) WERE OVERRULED IN THE 1981 SUPREME COURT OPINION IN WAY V. GRAND LAKE ASS'N, INC., 635 P.2D 1010 (OKLA. 1981).
IT MIGHT WELL BE POSSIBLE FOR SOME STATE INSTITUTION EMPLOYERS TO PROVIDE SOME KIND OF DISCOUNT IN RECEIVING MEALS AT THE INSTITUTION CAFETERIA, AS PART OF A PUBLIC EMPLOYEE'S TOTAL PACKAGE OF-JOB-RELATED BENEFITS. SUCH A PLAN WOULD HAVE TO BE CAREFULLY CONSTRUCTED AND CLEARLY PREDICATED ON THE BENEFIT BEING RECEIVED AS PART OF THE TOTAL COMPENSATION PACKAGE BEING OFFERED THE EMPLOYEE BY THE EMPLOYER FOR SERVICES RENDERED. IT MIGHT ALSO MAKE A DIFFERENCE AS TO THE IDENTITY OF THE EMPLOYER IN DETERMINING THE LEEWAY GRANTED IN MAKING THESE TYPES OF PROVISIONS AVAILABLE.
THE BEST ADVICE THAT THIS OFFICE CAN GIVE YOU IN THE ABSTRACT, AS INDICATED BY MR. LEADER, IS THAT SUCH A PROPOSAL DOES NOT APPEAR TO BE PER SE VIOLATIVE OF ANY CONSTITUTIONAL PROVISIONS. PLEASE UNDERSTAND, OF COURSE, THAT THIS INFORMATIONAL LETTER DOES NOT ATTEMPT TO MAKE ANY STATEMENTS ABOUT THE WISDOM OF SUCH A PROGRAM OR THE POLICY IMPLICATIONS THAT MIGHT BE IMPACTED BY SAME.
(MICHAEL SCOTT FERN)